[S. F. No. 3097. Department Two.—December 10, 1904.]

## CHARLES MARTIN, Appellant, v. JULIA BARRY, Respondent.

TROVER—CONVERSION OF HAY—NONSUIT.—A motion for a nonsuit was properly granted in an action of trover for the alleged conversion of hay belonging to the plaintiff where the evidence, construed most strongly against the defendant, failed to connect the defendant with the taking or use of the hay.

ID.—PRIOR ACTION BY DEFENDANT—ABSENCE OF AFFIDAVIT—TAKING BY CONSTABLE.—Plaintiff's proof of a prior judgment for the defendant in a former action of claim and delivery brought by the defendant against plaintiff's assignor, in which a constable seized the property which then belonged to plaintiff, without any evidence that an affidavit in replevin was filed, on which a direction might have been indorsed to the constable to take the property, and without any proof that the constable took it by defendant's direction, it appearing merely that he put a keeper in charge, and never turned the property over to the defendant or to any one, whatever cause of action it may show in favor of plaintiff against the constable, fails to connect the defendant therewith.

ID.—APPEAL—"TRANSCRIPT."—Where there is nothing in the justice's docket to show that the former judgment was appealed from, the caption of a "Transcript on Appeal offered in evidence" is not evidence that there was an appeal.

APPEAL from a judgment of the Superior Court of Sonoma County. E. D. Ham, Judge presiding.

The facts are stated in the opinion.

Lippitt & Lippitt, for Appellant.

J. P. Rodgers, for Respondent.

CHIPMAN, C.—The action was trover, to recover the value of certain thirty tons of hay, and also damages for pursuit of the property. At the close of plaintiff's evidence defendant moved for a nonsuit; his motion was granted, and judgment was entered for defendant. Plaintiff appeals from the judgment and from the order denying his motion for a new trial. The grounds of the motion for nonsuit were: 1. That there is no evidence connecting defendant in any way with the hay; and 2. That plaintiff offered in evidence certain proceedings in the justice's court of Petaluma Township, Sonoma County, showing that defendant had obtained a judgment against the plaintiff for the whole of the hay involved, and plaintiff therefore has no interest in the hay.

John Zenoni, plaintiff's assignor, testified that he was in possession of a ranch which he had leased for one year from defendant and her son, William Barry, dated September 29, 1896; that the rental was payable in cash, and was fully paid for the year; that he raised a crop of hay on the land, part of which he sold, and that on August 26, 1897, he had twenty-five bales remaining, on which day one Brush, constable of Petaluma Township, served certain papers on him and took all the hay and put it in the keeping of one Tom Barry (who was defendant's son), and that he, Zenoni, never got the hay back (nor did his assignee, as elsewhere appeared), but the hay was left on the ranch, and was there after the lease expired.

Plaintiff next introduced in evidence certain papers in an action brought in the justice's court of Petaluma Township, wherein Julia Barry (defendant herein) was plaintiff and John Zenoni (assignor of plaintiff herein) was defendant. These papers were introduced presumably to show that Mrs. Barry took the hay from Zenoni and by what means. The action was claim and delivery to recover possession of the same hay as is here in question. Plaintiff introduced the complaint, answer, and undertaking. No affidavit, as required by the statute, appeared among the papers, and none was introduced, nor was its absence explained. Plaintiff also intro-

duced the summons in the action which was returned duly served on August 26, 1897. Plaintiff next introduced what is entitled, "Transcript on Appeal offered in evidence," which apparently is followed by the entries in the justice's docket in Julia Barry *v*. John Zenoni. It shows: Complaint filed August 26, 1897; undertaking on claim and delivery of personal property filed August 26, 1897; summons and demand issued and handed to G. M. Brush, constable, August 26, 1897; summons returned and filed August 27, 1897, "with the following indorsement," which shows personal service on defendant Zenoni by delivering a copy of the complaint attached to the summons; answer filed August 31, 1897, and trial set for September 8, 1897, by agreement, on which day the cause was tried, and "after argument by respective parties the action was then submitted to the court, and after due consideration the court found judgment for plaintiff," and judgment was entered. "Done in open court this 18th day of September, 1897. N. KING, Justice of the Peace." There is nothing in the justice's docket to show that the cause was in fact appealed. The caption "Transcript on Appeal offered in evidence" is not evidence that there was an appeal.

George Brush, constable of Petaluma Township, testified that he went to the Barry ranch, and, being asked who sent him there, testified: "I got the papers at the justice's court. I do not know that anybody sent me out there particularly." Being asked what papers he got at the justice's court, replied: "Well, I got the summons and the writ of attachment." He was asked whether he meant "writ of attachment or claim and delivery," and replied: "When I first went out there it was a writ of attachment." He made no further explanation and his testimony remained in this condition. Being asked what he did after he got to the ranch, he replied: "I went out there and attached the hay and I believe I attached some 200 odd bales. I put a keeper in, and I took the hay in my possession and put the keeper in. . . . I did not turn it over to anybody; I had no authority to do that. . . . I do not know what became of it." He testified that he saw it afterwards in November on the ranch when one of the Barrys was in possession of the ranch. He testified that he did not turn it over to defendant, Mrs. Barry.

Mrs. Barry testified that the hay was put in her barn; that

"the mice and rats eat it up; it got wasted away since that time."

"Q. Did you use any portion of it?"

"A. No, sir; not a stalk. I have no stock and never used a stalk of it." She testified that she and her two sons owned the place. "When the hay was first put in the barn it was not baled. It was loose and then he took it out and baled it. It was put back in the barn after it was baled because he was about to take it away. My sons put it back, Thomas and William." Asked who was on the ranch then, she replied: "I was not there at all." This is all the evidence in the case.

There is evidence that the hay belonged to plaintiff when taken by the constable, and if the suit had been commenced against the officer a different case would be presented. Construing the evidence strongly against defendant on her motion for nonsuit, we yet cannot see that it connects her with the taking of the hay. The constable insisted that he took the hay under writ of attachment, and if he was mistaken in this the plaintiff failed to show it. No affidavit on claim and delivery was shown on which the plaintiff or her attorney might have indorsed a direction to the constable to take the property. (Code Civ. Proc., sec. 511.) So far as we know from the transcript, there was no affidavit filed in the replevin case. The docket of the justice showed no affidavit. No inference can be drawn from Mrs. Barry's testimony that the constable took the hay by her direction, or that she personally had anything to do with it before, at the time of, or after the taking by the constable.

As the evidence stood when the case was submitted by plaintiff, there was no cause of action proven against defendant.

We advise that the judgment be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foreging opinion the judgment is affirmed.        Henshaw, J., McFarland, J., Lorigan, J.